UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bradley Smith,<br><br>           Plaintiff,<br>vs.<br><br>Nestor Lopez; Reginald Winbush; George J. Opfer; Steve Stern; and Gwen Shockley,<br><br>           Defendants. | Case No.: 2:13-cv-00892-GMN-PAL<br><br>**ORDER** |

This civil rights action was initiated by *pro se* Plaintiff Bradley Smith with the filing of his Complaint before the Court[1]. (ECF No. 1.) Pending before the Court is the Motion to Dismiss (ECF No. 10) filed by Defendants Nestor Lopez, Reginald Winbush, George J. Opfer, Steve Stern, and Gwen Shockley. Plaintiff filed a Response (ECF No. 12), to which Defendants filed a Reply (ECF No. 16), and Plaintiff filed a Sur-Reply (ECF No. 17) without requesting leave of the Court.

**I. BACKGROUND**

Plaintiff alleges that he was employed by the United States Department of Veterans Affairs Southern Nevada Healthcare System ("VA SNHS") from December 2006 until April 29, 2013, when he resigned. (Compl. 3, ECF No. 1.) Plaintiff's claims arise from events at the VA SNHS North Las Vegas Medical Center campus on August 22, 2012, at which time Plaintiff alleges that "the V.A. Police responded to a workplace disturbance involving [himself] and his immediate Supervisor." (*Id*.)

---

[1] Pursuant to the Local Rules of Special Proceedings and Appeals for the United States District Court for the District of Nevada, Plaintiff filed his Complaint (ECF No. 1) on the form required by the Court. *See* D. Nev. R. V. 2-1 ("A civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this Court.").

1    In addition to jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983, Plaintiff
2    asserts jurisdiction citing the following additional legal authorities:

> Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) / Title 42, U.S.C., Section 14141  /  Title 18, U.S.C., Section 241  / Title 18, U.S.C., Section 242  /  Title 42 U.S.C. 1981  /  Title 42 U.S.C. 1985  / Carlson, 446 U.S. 14 (BIVENS can be used for any Constitutional Violation) / (Gallegos v. Haggerty) "Personally liability for Constitutional Deprivation" / Civil RICO.

(*Id.* at 3.)

Plaintiff alleges that Defendants were each acting in their individual and official capacity as employees of the United States Department of Veterans Affairs. (*Id.* at 2-3.)

Plaintiff brings his claims against Defendants in five counts, described as:

I.   Procedural Due Process / Substantive Due Process, The Right to know Opposing Evidence . . . which could result in a loss of Liberty . . . or place an individual in a "False Light"

II.  Equal Protection Clause / Failure to Keep from Harm (14th Amendment)

III. False Imprisonment / Negligent Confinement, Fourteenth Amendment due process claim rather than a Fourth Amendment unreasonable seizure claim

IV.  Liberty – Loss and Depravation of Plaintiff's "Free Will" to respond / address the Constitutional Rights Violations consequential to FOIA withholding violation, Due Process Depravation, and Conspiracy

V.   Free Speech / Free Association – Combined as 1st Amendment violation committed in conjunction with event of False Imprisonment / Negligent Confinement of the Plaintiff

(*Id.*)

Plaintiff answered "No" to the form questions: "Have you filed other actions in state or federal courts involving the same or similar facts as involved in this action?" and "Have you

filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?" (*Id.* at 6-7.)

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the

absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Elements of claims under § 1983 and *Bivens*

"Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Federal employees acting pursuant to federal law are not acting under color of state law, as described in § 1983. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995); *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981).

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court "established that compensable injury to a constitutionally protected interest could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978). However, "a *Bivens* action will not lie when Congress has created 'comprehensive procedural and substantive provisions giving meaningful remedies against the United States.'" *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 564 (9th Cir. 1994) (quoting *Bush v. Lucas*, 362 U.S. 367, 368 (1983)). Also, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994).

"Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal-injury statute of limitations for *Bivens* action); *see also Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("Though more limited in some

1  respects not relevant here, a *Bivens* action is the federal analog to suits brought against state
2  officials under [§ 1983]."); *cf. Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying
3  § 1983 rationale of *Heck v. Humphrey*, 512 U.S. 477 (1994) to *Bivens* action)); *Alexander v.*
4  *Perrill*, 916 F.2d 1392, 1396 (9th Cir. 1990) (stating that failure to perform a duty creates
5  liability under both § 1983 and *Bivens*); *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1318 (9th
6  Cir. 1989) ("the immunities recognized in *Bivens* cases are coextensive with the immunities
7  recognized in section 1983 cases").

8  For purposes of immunity analysis, there is no distinction between § 1983 actions and
9  *Bivens* actions. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.5 (1993); *Butz v.*
10 *Economou*, 438 U.S. at 499-500. "[G]overnment officials performing discretionary functions
11 [are provided] with a qualified immunity, shielding them from civil damages liability as long as
12 their actions could reasonably have been thought consistent with the rights they are alleged to
13 have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). However, "federal officials
14 sued in their official capacity are subject to injunctive relief under § 1983 if they 'conspire with
15 or participate in concert with state officials who, under color of state law, act to deprive a
16 person of protected rights.'" *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992) (quoting
17 *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983)).

18 The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity by
19 the United States. *See* 28 U.S.C. §§ 2674, 2680; *Graham v. United States*, 96 F.3d 446, 448
20 (9th Cir. 1996); *Hines v. United States*, 60 F.3d 1442, 1446 (9th Cir. 1995), *abrogated in part*
21 *on other grounds by United States v. Olson*, 546 U.S. 43 (2005). The FTCA provides the
22 exclusive remedy for tortious conduct by employees of the United States, and is a remedy
23 against the United States, not against individual employees. *See* 28 U.S.C. § 2679(b).
24 Furthermore, "constitutional claims are outside the purview of the Federal Tort Claims Act."
25 *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (citing 28 U.S.C. § 2679(b)(2)(A)).

### B. Analysis

Defendants argue that the Court lacks jurisdiction over Plaintiff's claims to the extent Plaintiff alleges *Bivens* claims against Defendants in their official capacity. The Court agrees, and Plaintiff seems to acknowledge the same in his Response (ECF No. 12). Therefore, to the extent that Plaintiff alleges claims against Defendants in their official capacity, the Court dismisses those claims with prejudice.

To the extent that Plaintiff alleges *Bivens* claims against Defendants in their individual capacity, Defendants argue that Plaintiff has not provided sufficient factual allegations supporting such a claim because "[a]ll of Plaintiff's allegations refer to actions taken by [Defendants] in the normal course and scope of their employment." (Mot. Dismiss, 11:1-2, ECF No. 10.) Defendants also argue that "none of the causes of action . . . rise to the level of a constitutional tort," pointing out that "[i]n the 42 years since *Bivens* was decided, the Supreme Court has only extended *Bivens* causes of action twice and has repeatedly cautioned against extending it into new areas or recognizing new rights or claims." (*Id*. at 8:2-3, 4-6.)

As explained by the Supreme Court, "we have extended [the *Bivens*] holding only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct"; and "[w]here such circumstances are not present, we have consistently rejected invitations to extend *Bivens*." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

The Court agrees with Defendants that "Congress has provided clear mechanisms for redress with respect to Plaintiff's claims" to the extent that "Plaintiff's claims are employment related disputes pursued under the guise of state law tort and constitutional claims," and that "such claims can be pursued through the Civil Service Reform Act ('CSRA') or related statutory schemes, such as the negotiated grievance procedure, the Whistleblower Protection

Act or the like." (Mot. Dismiss, 8:25-26 – 9:1-3.)

In his Response, Plaintiff argues that the events alleged in his Complaint "<u>were not employment related matters covered by CSRA</u>," and "were actually a mixture of Criminal Acts and Civil Rights Violations Committed against the Plaintiff." (ECF No. 12.)  In this regard, the Court finds that Plaintiff has failed to allege sufficient facts to state a plausible claim that Defendants acted unlawfully or failed to perform their duties in such a way as to deprive Plaintiff of his constitutional rights.  Therefore, to the extent that Plaintiff is alleging constitutional violations by Defendants in their individual capacity, Plaintiff has insufficiently pleaded his claims.  To cure this deficiency, Plaintiff should specifically state the unlawful actions of each individual Defendant and the constitutional right that those actions violated.

The Court will give Plaintiff leave to amend his pleading so as to cure this deficiency, particularly if Plaintiff can plead facts showing that Defendants' actions could not reasonably have been thought consistent with the rights they are alleged to have violated.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 10) is **GRANTED**.  Plaintiff's claims against Defendants in their individual capacity are dismissed without prejudice, and all other claims are dismissed with prejudice.  Plaintiff is given leave to file an amended complaint curing the deficiencies described in this Order.  Plaintiff shall have until April 18, 2014, to file an amended complaint.  Failure to do so by this deadline will result in dismissal of this action with prejudice.

**DATED** this 28th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court