UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bradley Smith, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:13-cv-0892-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| Nestor Lopez; Reginald Winbush; George J. | ) |
| Opfer; Steve Stern; and Gwen Shockley, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendants Nestor Lopez, Reginald Winbush, George J. Opfer, Steve Stern, and Gwen Shockley. *Pro se* Plaintiff Bradley Smith filed a Response in opposition, (ECF No. 27), to which Defendants filed a Reply, (ECF No. 30).

**I.   BACKGROUND**

The Amended Complaint centers upon allegations that one of Plaintiff's former supervisors, two United States Department of Veterans Affairs ("VA") police officers, the VA Inspector General, and a VA privacy officer conspired to falsify and unlawfully withhold evidence after a workplace altercation that occurred on August 22, 2012. (Am. Compl., ECF No. 20). The Court dismissed Plaintiff's original Complaint on March 28, 2014, for failure to state a claim upon which relief could be granted, but gave Plaintiff leave to file an amended complaint to correct the deficiencies identified therein. (ECF No. 19). Plaintiff timely filed the Amended Complaint on April 18, 2014.

Plaintiff alleges that he was employed by the VA Southern Nevada Healthcare System ("VA SNHS") from December 2006 until his resignation on April 29, 2013. (Am. Compl. at 10). On August 22, 2012, Plaintiff and his immediate supervisor were involved in a workplace

altercation at the VA SNHS North Las Vegas Medical Center campus. (*Id*.). Though the altercation itself is not detailed in the Amended Complaint, Plaintiff alleges that after the dispute occurred, Defendant Steve Stern, Plaintiff's second-level supervisor, ordered Plaintiff to remain seated in a chair until the end of the workday. (*Id.* at 6). Subsequently, several VA police officers, including Defendant Nestor Lopez, arrived on the scene and interviewed Plaintiff about the dispute. (*Id.* at 2). Plaintiff alleges that, following this interview, Defendant Lopez authored a police report in which he falsely stated that Plaintiff appeared to be under the influence of methamphetamines. (*Id.*).

When Plaintiff requested a copy of Defendant Lopez's report after the incident, Defendant Gwen Shockley, a VA privacy officer, allegedly transmitted a version in which Defendant Lopez's observations about Plaintiff's possible methamphetamine use were redacted. (*Id.* at 8). Defendant Shockley refused to disclose an unredacted version of the report. (*Id.*).

Plaintiff alleges that he was subsequently able to obtain an unredacted version of the report through other means. (*Id.*). Upon seeing the allegedly false statements contained in the report, Plaintiff approached Defendant Reginald Winbush, Chief of the VA Police, and Defendant George J. Opfer, VA Inspector General, requesting that the report be changed and that an investigation be initiated into Defendant Lopez's conduct. (*Id.* at 3-4). Defendants Winbush and Opfer declined to act on either of these requests. (*Id.*).

Based on these allegations, the Amended Complaint sets forth five claims of violations of Plaintiff's constitutional rights: (1) "Procedural Due Process/Substantive Due Process, the Right to Know Opposing Evidence"; (2) "Equal Protection"; (3) "False Imprisonment/ Negligent Confinement"; (4) "Loss and Deprivation of Plaintiff's Free Will"; and (5) "Free Speech/Free Association." (*Id.* at 10-14). Plaintiff asserts his claims against Defendants in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau*

*of Narcotics*, 403 U.S. 388 (1971).[1] As relief, Plaintiff seeks $2,000,000 in damages for the alleged constitutional violations, $1,000,000 in "speculative damages," treble damages, and a permanent injunction. (Am. Compl. at 20).

In the instant Motion, Defendants argue that Plaintiff's claims should again be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dism., ECF No. 25).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant

---

[1] The Court previously dismissed Plaintiff's *Bivens* claims against Defendants in their official capacities with prejudice, as these claims were invalid as a matter of law. (Dism. Ord. 6:2-6, ECF No. 19); *see, e.g.*, *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.").

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Elements of a *Bivens* Claim

In *Bivens*, the Supreme Court "established that compensable injury to a constitutionally protected interest could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978). In order to sufficiently state a *Bivens* claim, a plaintiff must allege "a violation of his constitutional rights by agents acting under the color of federal law." *See, e.g.*, *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). However, "a *Bivens* action will not lie when Congress has created 'comprehensive procedural and substantive provisions giving meaningful remedies against the United States.'" *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 564 (9th Cir. 1994) (quoting *Bush v. Lucas*, 362 U.S. 367, 368 (1983)).

### B. Analysis

As an initial matter, the Court acknowledges that Plaintiff is *pro se*, and therefore holds his pleadings to standards less stringent than it would if he were represented by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In compliance with the Court's Order dismissing the original Complaint, (ECF No. 19), Plaintiff's Amended Complaint specifically alleges the unlawful actions of each individual Defendant and identifies the rights that those actions allegedly violated. The Court will discuss each of *pro se* Plaintiff's claims in turn.

/ / /

/ / /

1. *Violations of "Procedural Due Process/Substantive Due Process, the Right to Know Opposing Evidence"*

The Amended Complaint alleges that Defendants violated Plaintiff's constitutional rights by failing to disclose the allegedly false police report in contravention of the Freedom of Information Act ("FOIA"). (Am. Compl. at 11, ECF No. 20). However, it is well established that FOIA violations cannot give rise to a *Bivens* claim, as FOIA itself contains a comprehensive scheme for aggrieved parties to challenge violations. *See, e.g.*, *Johnson v. Executive Office for U.S. Attorneys,* 310 F.3d 771, 777 (D.C. Cir. 2002) ("[T]he comprehensiveness of FOIA precludes the creation of a *Bivens* remedy."). Therefore, Plaintiff's *Bivens* claim arising out of the alleged FOIA violations is invalid as a matter of law. As the lack of a valid cause of action under the law cannot be remedied through amendment, the Court will dismiss this claim with prejudice.

2. *Violations of the Equal Protection Clause*

The Amended Complaint alleges that Plaintiff's rights under the Equal Protection Clause were violated because the VA police, including Defendant Lopez, "falsified a police report against the Plaintiff in an attempt to 'frame' him." (Am. Compl. at 12). To sufficiently state an equal protection claim, Plaintiff must allege, *inter alia*, that he "has been intentionally treated differently from others similarly situated." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In this case, Plaintiff has put forward no allegations indicating that any similarly situated individuals were treated differently by the VA police. Accordingly, the Court finds that Plaintiff has failed to sufficiently allege an equal protection claim. However, because Plaintiff may be able to correct this deficiency by adding more factual allegations, this claim will be dismissed without prejudice.

3. *Due Process*

The Amended Complaint states that Defendant Stern violated Plaintiff's rights under the

Due Process Clause of the Fourteenth Amendment by telling him to sit in an office chair for the remainder of the workday after the altercation occurred. (Am. Compl. at 13).  Plaintiff specifically notes that this is a "Fourteenth Amendment due process claim rather than a Fourth Amendment unreasonable seizure claim." (*Id.*).  However, claims relating to the seizure of one's person must be asserted under the Fourth Amendment and are not cognizable under the legal standards relating to due process. *Graham v. Connor*, 490 U.S. 386, 388 (1989).  Because the Amended Complaint states explicitly that Plaintiff is not asserting a claim under the Fourth Amendment, this claim is invalid as a matter of law and will be dismissed with prejudice.

    4.  *"Loss and Deprivation of Plaintiff's Free Will"*

Plaintiff claims that Defendants' actions violated his "free will," or his "ability to have a choice based on awareness." (Am. Compl. at 14).  There is no constitutional provision which specifically guarantees citizens a general right to "have a choice based on awareness" as that phrase is used by Plaintiff, and Plaintiff fails to include a legal citation in the Amended Complaint supporting his assertion.  Accordingly, the Court will dismiss this claim.  Because Plaintiff may be able to correct this deficiency by citing a specific right within the Constitution, the Court will dismiss this claim without prejudice.

    5.  *"Free Speech/Free Association"*

Plaintiff also asserts that Defendant Stern violated his First Amendment rights to free speech and free association by ordering that he not speak to other employees following the workplace altercation. (Am. Compl. at 14).  "In evaluating the First Amendment rights of a public employee, the threshold inquiry is whether the statements at issue substantially address a matter of public concern." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 978 (9th Cir. 1998).  The Amended Complaint does not allege that Plaintiff made statements regarding a matter of public concern or that he even intended to do so.  Therefore, Plaintiff has failed to adequately state a claim that his First Amendment rights to free speech or

1  free association were violated.  Because it is possible that this deficiency could be remedied
2  through amendment, the Court will dismiss this claim without prejudice.
3      Accordingly, the Court finds that the Amended Complaint fails to state a claim upon
4  which relief can be granted, and therefore dismissal is warranted pursuant to Rule 12(b)(6).
5  However, the Court will give Plaintiff leave to amend his pleading so as to cure the deficiencies
6  in his second, fourth, and fifth claims for relief.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts I and III of the Amended Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Counts II, IV, and V of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until January 26, 2015, to file a second amended complaint.  Failure to do so by this deadline will result in dismissal of this action with prejudice.

**DATED** this 29th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court