**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRADLEY SMITH,

        Plaintiff,

    vs.

NESTOR LOPEZ, REGINALD WINBUSH, GEORGE J. OPFER, STEVE STERN, GWEN SHOCKLEY,

        Defendants.

Case No.: 2:13-cv-0892-GMN-PAL

**ORDER**

Pending before the Court is the Renewed Motion to Dismiss (ECF No. 39) filed by Defendants Nestor Lopez, Reginald Winbush, George J. Opfer, Steve Stern, and Gwen Shockley ("Defendants"). *Pro se* Plaintiff Bradley Smith ("Plaintiff") filed a Response in opposition (ECF No. 43) to which Defendants filed a Reply (ECF No. 45).

**I.**      **BACKGROUND**

The Second Amended Complaint centers on allegations of a workplace dispute that began when Plaintiff, a former employee of the United States Department of Veterans Affairs (the "V.A."), picked up a piece of paper from his supervisor's desk, causing a heated verbal altercation between himself and his supervisor. (Second Am. Compl. 6, ECF No. 32).[1] After the dispute subsided, Plaintiff was asked by a different supervisor to remain seated and refrain from talking to other employees for the rest of the workday. (*Id.*). Subsequently, the V.A. police allegedly "victimized" Plaintiff and "falsified a Police Report against [him.]" (*Id.* at 11). The Court dismissed Plaintiff's Amended Complaint on December 29, 2014, but granted Plaintiff leave to file a second amended complaint to correct the deficiencies identified therein.

---

[1] Though the Second Amended Complaint is far from a model of clarity, the Court has liberally construed Plaintiff's filings in light of his status as a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

(ECF No. 31). Plaintiff filed his Second Amended Complaint (ECF No. 32) on January 21, 2015. The Second Amended Complaint sets forth three claims regarding alleged violations of Plaintiff's constitutional rights: (1) equal protection; (2) liberty/free will; and (3) free speech. (*Id.* at 11–13). In the instant Motion, Defendants argue that Plaintiff's claims should again be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dism., ECF No. 39).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The Second Amended Complaint fails to adequately address the concerns identified by the Court regarding Plaintiff's equal protection, liberty/free will, and freedom of speech claims. The Court will discuss each of Plaintiff's claims in turn.[2]

### A. Equal Protection

Plaintiff claims his rights under the Equal Protection Clause were violated when the V.A. Police filed a false report against him. (Second Am. Compl. 11, ECF No. 32). The Court previously dismissed this claim because Plaintiff had failed to allege that he "has been intentionally treated differently from others similarly situated." (Order at 5:16–21, ECF No. 31); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the Second Amended Complaint, Plaintiff again fails to identify similarly situated individuals that were treated differently. Plaintiff asserts that he has "never before heard of a situation (or case) in which the V.A. Police fabricated evidence or falsified a police report against an individual." (Second Am. Compl. 11, ECF No. 32). Plaintiff later clarifies in his Response to Defendants' Motion to Dismiss that all he can allege in his Second Amended Complaint is that "there is a lack of [or] absence of data" indicating that the V.A. Police and the V.A. Office of the Inspector General failed to provide similarly situated individuals with equal protection. (Resp. 6:14–17, ECF No. 43). Through Plaintiff's admission that he cannot set forth an allegation that the V.A. Police have treated similarly situated individuals differently, the Court finds that Plaintiff cannot and will not be able to assert a claim upon which relief can be granted under the Equal Protection Clause. Thus, Plaintiff's claim is dismissed with prejudice.

///

---

[2] These claims are also likely precluded by *res judicata*; however, because the Court is dismissing these claims with prejudice, the Court need not analyze this issue. *See Smith v. United States*, No. 2:13-CV-1936-JCM-PAL, 2014 WL 4294966 (D. Nev. Aug. 29, 2014).

### B. Free Will and Liberty

Next, Plaintiff asserts that his rights to free will and liberty were violated. (Second Am. Compl. 12, ECF No. 32). In its prior Order, the Court asked Plaintiff to cite a specific right in the Constitution to support his loss and deprivation of free will claim and his right to "have a choice based on awareness." (Order at 6:11–16, ECF No. 31). Plaintiff now cites the Ninth Amendment as support for this claim. (Second Am. Compl. at 13, ECF No. 32). However, the Ninth Circuit has held that "[the Ninth] amendment has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (citing *Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986)). Plaintiff has therefore failed to allege a claim upon which relief can be granted for the third time. Thus, the Court dismisses this claim with prejudice.

### C. Freedom of Speech

Finally, Plaintiff contends that his freedom of speech rights were violated.[3] (Second Am. Compl., ECF No. 32). The Court previously dismissed Plaintiff's claim for a freedom of speech violation because he failed to "allege that Plaintiff made statements regarding a matter of public concern or that he even intended to do so." (Order 6–7, ECF No. 31). Plaintiff now contends that after the altercation with his supervisor, he was prevented from speaking to coworkers about the V.A. management's treatment toward him. (Second Am. Compl. 14, ECF No. 32). However, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most

---

[3] Plaintiff also asserts his freedom of association and freedom of assembly rights were violated. (Second Am. Compl. 15, ECF No. 32). However, the accompanying allegations make clear that Plaintiff fundamentally misunderstands the types of activities protected by such claims. The only factual allegation he makes regarding this claim is that he was ordered to remain seated and prohibited from interacting with others for part of a workday. (*Id.*). Because he does not allege that he intended to engage in the activity of a specific group in order to advance his beliefs or ideas, this allegation is insufficient to show that his freedom of association and assembly rights were violated. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958).

unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick v. Myers*, 461 U.S. 138, 147 (1983).  Plaintiff's concerns about his supervisor's actions are a "matter only of personal interest[,]" and the decision to have him "remain seated until the end of the work day and barring [him] from interacting with others" was a response to Plaintiff picking up paper from his supervisor's desk and their subsequent altercation.[4]  (Second Am. Compl. 14–15, ECF No. 32).  This Court is not the appropriate forum in which to review the wisdom of the supervisor's personnel decisions.  Therefore, Plaintiff's claim is dismissed with prejudice.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Renewed Motion to Dismiss (ECF No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts I, II, and III of the Second Amended Complaint are **DISMISSED WITH PREJUDICE**.

The Clerk shall enter judgment accordingly and close the case.

**DATED** this 7 day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[4] Plaintiff also makes the conclusory assertion that he was acting as a whistleblower.  However, this claim is at odds with his description of the matters he wanted to discuss with his coworkers.  Indeed, the Second Amended Complaint states that Plaintiff wanted to recount the conversation he had with his supervisor and the "over reactive [sic] nature" of his supervisor's response rather than anything that could amount to whistleblowing. (Second Am. Compl. 14, ECF No. 32).